IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**BRANDI GOODRICH and**     **PLAINTIFFS**
**CHRISTOPHER GOODRICH**

vs.     No. 3:19-cv-3087-TLB

**MID-WEST STAVE EXCHANGE, LLC,**     **DEFENDANTS**
**ROBERT BERENDZEN and NEIL BEATTY**

## ORIGINAL COMPLAINT

COME NOW Plaintiffs Brandi Goodrich and Christopher Goodrich (collectively "Plaintiffs"), by and through their attorneys Tess Bradford and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint against Defendants Mid-west Stave Exchange, LLC, Robert Berendzen and Neil Beatty (collectively "Defendant"), they state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiffs lawful overtime compensation for hours worked in excess of forty (40) hours per week.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II.   JURISDICTION AND VENUE

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant conducts business in this District and a substantial part of the records of the violations alleged herein are in this District.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

7. Plaintiffs were employed by Defendant at Defendant's factory located in Marshall. Therefore, the acts alleged in this Complaint had their principal effect within the Harrison Division of the Western District of Arkansas, and venue is proper in this court pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

8. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff Brandi Goodrich ("Brandi") is a citizen and resident of Searcy County.

10. Brandi was hired by Defendant as an hourly employee at Defendant's factory during the three years preceding the filing of this Complaint.

11. Plaintiff Christopher Goodrich ("Christopher") is a citizen and resident of Searcy County.

12. Christopher was hired by Defendant as an hourly employee at Defendant's factory during the three years preceding the filing of this Complaint.

13. At all material times, Plaintiffs were entitled to the rights, protection, and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

14. Defendant Midwest is a foreign limited liability company with its principal place of business in Higbee, Missouri.

15. Upon information and belief, Defendant has not registered to do business in Arkansas.

16. Defendant Midwest's registered agent for service in Missouri is Robert Berendzen, 10550 Highway A, Higbee, Missouri 65257.

17. During each of the three years preceding the filing of this Complaint, Defendant Midwest employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

18. Defendant is an "employer" within the meaning set forth in the FLSA, 29 U.S.C. § 203(d), and was, at all times relevant to the allegations in this Complaint,

Plaintiffs' employer and was engaged in interstate commerce as that term is defined under the FLSA and AMWA.

19. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

20. Defendant Robert Berendzen ("Berendzen") is a citizen and resident of the state of Missouri.

21. Berendzen is President and principal of Separate Defendant Midwest.

22. Berendzen had operational control over the day-to-day functions of Plaintiffs as well as direct responsibility for the compensation of Plaintiffs.

23. Defendant Neil Beatty ("Beatty") is a citizen and resident of the state of Arkansas.

24. Beatty is Arkansas Operations Manager of Separate Defendant Midwest.

25. Beatty had operational control over the day-to-day functions of Plaintiffs as well as direct responsibility for the compensation of Plaintiffs.

26. Together Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

27. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, together both Defendants operated as a single enterprise.

28. Within the past three (3) years preceding the filing of this Complaint, Defendant continuously employed at least four employees, including Plaintiffs.

## IV. FACTUAL ALLEGATIONS

29. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

30. During Plaintiffs' employment, Defendant classified Plaintiffs as non-exempt from the overtime requirements of the FLSA and paid Plaintiffs an hourly wage.

31. Defendant's factory makes barrel staves.

32. Defendant employed Brandi as an hourly-paid lumber grader from July of 2014 until October of 2019.

33. Brandi's duties included assessing each board of lumber to evaluate its suitability to be made into a stave.

34. Defendant employed Christopher as an hourly-paid foreman, loader, and operator from February of 2014 until October of 2019.

35. Christopher's duties included unloading trucks, welding, overseeing operations inside the mill, and general maintenance.

36. Plaintiffs were scheduled to work eight hours a day, Monday through Friday, but Plaintiffs were required to be at work approximately thirty minutes before each shift.

37. Plaintiffs often had to stay at work an hour or more after their shift ended to wait for delivery trucks and do paperwork.

38. Plaintiffs were occasionally required to work on Saturdays.

39. Defendant was aware of Plaintiffs' "off-the-clock" work, and required it as

part of Plaintiffs' regular duties.

40. Plaintiffs worked in excess of forty (40) hours per week on a regular, typical basis while working for Defendant.

41. Defendant did not have a timeclock system.

42. Plaintiffs' manager purportedly tracked Plaintiffs' and other hourly employees' hours.

43. Plaintiffs' time was capped at forty (40) hours per week, and their paychecks did not reflect the additional hours worked.

44. Defendant failed to pay Plaintiffs for all hours worked, including failing to pay Plaintiffs an overtime premium for all hours worked over forty (40) each week.

45. In addition to the hourly rate, Plaintiffs received nondiscretionary bonuses based on the number of pallets the factory produced.

46. These nondiscretionary bonuses were a form of compensation to the Plaintiffs.

47. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

48. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### V. FIRST CLAIM FOR RELIEF
(Claims for Violation of FLSA)

49. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

50. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

51. Defendant classified Plaintiffs as non-exempt from the overtime requirements of the FLSA.

52. Defendant violated 29 U.S.C. § 207 by not paying Plaintiffs for hours worked, including failing to pay Plaintiffs a proper overtime rate of compensation for all hours worked in excess of forty (40) per workweek.

53. Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, including nondiscretionary bonuses, for Plaintiffs in their regular rate when calculating their overtime pay.

54. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

55. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

56. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs is entitled to an award of prejudgment interest at the applicable legal rate.

### VI. SECOND CLAIM FOR RELIEF
(Claims for Violation of AMWA)

57. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

58. At all relevant times, Plaintiffs have been entitled to the rights, protection, and benefits provided by the AMWA.

59. At all relevant times, Plaintiffs have been "employees" of Defendant, as defined by Ark. Code Ann. § 11-4-203(3).

60. At all relevant times, Defendant was an "employer" of Plaintiffs as defined by Ark. Code Ann. § 11-4-203(4).

61. Defendant failed to pay Plaintiffs for all hours worked and failed to pay Plaintiffs a proper overtime premium for all hours worked over forty (40) per week.

62. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

63. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

64. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the AMWA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Ark. Code Ann. § 11-4-218.

65. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the AMWA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Brandi Goodrich and Christopher Goodrich respectfully pray that Defendant be summoned to appear and to answer herein as follows:

A.   That Defendant be required to account to Plaintiffs and the Court for all of the hours worked by Plaintiffs and all monies paid to them;

B.   A declaratory judgment that Defendant's practices violate the FLSA and the AMWA and their attendant regulations;

C.   Judgment for damages for all unpaid overtime compensation under the FLSA and the AMWA and their attendant regulations;

D.   Judgment for liquidated damages pursuant to the FLSA and the AMWA and their attendant regulations in an amount equal to all unpaid overtime compensation owed to Plaintiffs during the applicable statutory period;

E.   An order directing Defendant to pay Plaintiffs pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

F.   Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTFFS BRANDI GOODRICH
and CHRISTOPHER GOODRICH**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
Tess Bradford
Ark. Bar No. 2017156
tess@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com